1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEX LEONARD AZEVEDO,                    No.  2:17-cv-0764 CKD P

12                  Petitioner,

13        v.                                  ORDER

14   COLUSA COUNTY SUPERIOR COURT,

15                  Respondent.

16

17

18        Petitioner is a county jail inmate proceeding pro se with this action pursuant to 28 U.S.C.

19   § 2254.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).  Petitioner has consented to the jurisdiction of a United States Magistrate Judge to

21   conduct all proceedings in this action.  (ECF No. 6.)

22        Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  Accordingly, petitioner may proceed with this action in forma pauperis.

24        Petitioner claims that he is being denied legal assistance at the Colusa County Jail.  He

25   seeks to have a lawyer appointed to represent him.

26        A habeas corpus petition is the correct method for a prisoner to challenge the legality or

27   duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v.

28

1

Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. Here, as petitioner's claims do not relate to the duration of his confinement, they are not properly brought within this federal habeas action.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." For the foregoing reasons, and because it does not appear that the petition can be cured by amendment, the petition will be summarily dismissed pursuant to Rule 4.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted;

2. The petition is summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254; and

3. The Clerk of Court shall close this case.

Dated: May 3, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / azev0764.R4

---

[1] Petitioner may re-file any claims concerning prison conditions in an action pursuant to section 1983. Petitioner is advised that the statutory filing fee for such an action is $400.00. 28 U.S.C. §§ 1914(a), 1915(b)(1). A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.